IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>-vs- )<br>)<br>MARTIN RIVERA-TAVIRA, )<br>ESPERANZA QUEZADA-LOPEZ )<br>and PEDRO BENITEZ-PERALTA, )<br>)<br>  Defendants. ) | Case No. CR-21-067-F |

## ORDER FOR JAMES HEARING

The defendant Pedro Benitez-Peralta has filed a motion for a James hearing. Doc. no. 60, filed on June 21, 2021. A James hearing will be held on July 9, 2021, at 9:00 a.m. Consistent with clear guidance from the Court of Appeals, the James hearing determinations will be made with respect to, and will apply to, all defendants, regardless of whether they filed a motion for a James hearing.

### The Showing Required under Rule 801(d)(2)(E)

Under Rule 801(d)(2)(E), F.R.Evid., co-conspirators' statements that would otherwise be hearsay may be introduced into evidence against a defendant co-conspirator if they were made "during and in furtherance of the conspiracy." United States v. Morgan, 748 F.3d 1024, 1036 (10th Cir. 2014), *cert. denied sub nom.* Ford v. U.S., 574 U.S. 915 (2014). Consequently, before admitting co-conspirators' statements, the court must determine, by a preponderance of the evidence, (1) that a conspiracy existed, (2) that the declarant and the defendant were both members of the conspiracy, and (3) that the statements were made in the course

of and in furtherance of the conspiracy. *Id. See also*, United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995), *cert. denied*, 525 U.S. 883 (1998).

As to the third prong, it is not always necessary, or even desirable, to make a *pretrial* determination as to every statement that might potentially be admitted under Rule 801(d)(2)(E). *See,* United States v. Alcorta, 853 F.3d 1123, 1138 (10th Cir. 2017), where the Court of Appeals noted (without criticism) that the district court "provisionally admitted most of the calls offered under the coconspirator exception, subject to the government's connecting those statements to the conspiracy during trial."

In determining whether the prerequisites for admission have been satisfied, the court may consider the co-conspirator's statements that are sought to be admitted. Bourjaily v. United States, 483 U.S. 171, 181 (1987); United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996); Owens, 70 F.3d at 1125. Under Bourjaily, there need, at most, be "some independent evidence linking the defendant to the conspiracy." United States v. Martinez, 825 F.2d 1451, 1453 (10th Cir. 1987), *cert. denied*, 494 U.S. 1059 (1990). That "independent evidence may be sufficient even when it is not 'substantial.'" Lopez-Gutierrez, 83 F.3d at 1242. "Independent evidence," in this context, is not rendered inadmissible by the fact that it comes from some other member of the conspiracy or by the fact that the statement was made to a government agent. Owens, 70 F.3d at 1125. To the contrary, "independent evidence" is simply "evidence other than the proffered [co-conspirator] statements themselves." *Id*. In determining whether the government has carried its burden under Rule 801(d)(2)(E), the court has the discretion to consider any evidence not subject to a privilege, regardless of whether that evidence would be admissible at trial. Owens at 1124. A statement made by a co-conspirator is admissible against a defendant who subsequently joins the conspiracy. United States v. Brown, 943 F.2d 1246, 1255 (10th Cir. 1991). Thus, the fact that a

defendant may have joined the conspiracy after its inception does not make his co-conspirators' previous statements inadmissible. *Id. See also*, United States v. Dial, 757 F.2d 163, 170-71 (7th Cir. 1985), *cert. denied*, 474 U.S. 838 (1985).

Compendium of Statements

The government is **DIRECTED** to file, not later than noon on July 7, 2021: (i) a compendium of the statements the government seeks to offer under Rule 801(d)(2)(E), and (ii) a summary of the evidence (for James hearing purposes only) that (a) a conspiracy existed, (b) the declarant and the defendant were members of the conspiracy, and (c) the statements were made in the course of and in furtherance of the conspiracy. The compendium may consist, wholly or in part, of citations (by Bates number) to discovery materials provided to the defendants, as long as the supporting discovery materials are filed (under seal, if appropriate) with the compendium, so that the court may readily refer to the discovery materials. The compendium will not serve in lieu of the evidentiary showing required at the James hearing. The compendium is simply for the guidance of the court and counsel, and for the court's reference in making its determinations under Rule 801(d)(2)(E).

Dated this 22nd day of June, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0067p004.docx