# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-21-067-001-F |
| | ) |
| MARTIN RIVERA-TAVIRA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **ORDER**

Defendant Martin Rivera-Tavira, proceeding *pro se*, has filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1] Doc. no. 195.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 197.  The matter is at issue.

On October 6, 2021, defendant pleaded guilty, pursuant to a plea agreement, to a two-count Superseding Information, charging defendant with drug conspiracy in violation of 21 U.S.C. § 846 (Count 1) and possession of material containing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2).  The Probation Office prepared a final presentence investigation report (doc. no. 156).  For Count 1, the Probation Office calculated a base offense level of 38.  Defendant was assessed a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(5) because he received liquid

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

methamphetamine from Mexico that he manufactured into "Ice" for distribution in the United States, a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because he utilized a premises to manufacture and store methamphetamine, and a two-level enhancement under U.S.S.G. § 3B1.1(c) because he was the point of contact for the purchase of large quantities or methamphetamine and coordinated each transaction, resulting in an adjusted offense level of 44.

For Count 2, the Probation Office calculated a base offense level of 18. Defendant was assessed a two-level enhancement under U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or minor who had not attained the age of 12 years, a two-level enhancement under U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer (electronic tablet) for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material, and a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images, resulting in an adjusted offense level of 27.

After the multiple count adjustment pursuant to U.S.S.G. § 3D1.4, the greater adjusted offense level was used for a combined adjusted offense level of 44. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 41.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 41 and a criminal history category of I, defendant's guideline imprisonment range was 324 months to 405 months.

At sentencing, the court found insufficient evidence to support the two-level enhancement under U.S.S.G. § 3B1.1(c) but otherwise adopted the final presentence investigation report. The court's finding changed defendant's total offense level to

39, resulting in a new guideline imprisonment range of 262 months to 327 months. The court then varied downward and sentenced defendant to a term of imprisonment of 210 months, consisting of 150 months as to Count 1 and 60 months as to Count 2 to be served consecutively.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment

821 (doc. no. 196), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "the instant offense of conviction is not a sex offense" U.S.S.G. § 4C1.1(a)(5). "Sex offense" is defined as "an offense, perpetrated against a minor, under . . . chapter 110 of title 18 . . . ." U.S.S.G. § 4C1.1(b)(2). Defendant's conviction includes a violation of 18 U.S.C. § 2252A(a)(5)(B), which is in Chapter 110 of Title 18 of the United States Code. As a result, defendant does not meet all ten criteria, and he is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

Even if defendant were not convicted of a sex offense, defendant's current sentence of 210 months is at the bottom of the guideline range that would be applicable if defendant were eligible for the two-level adjustment as a zero-point offender—210 months to 262 months based on a total offense level of 37 and a criminal history category of I. As such, defendant would not be eligible for any further sentence reduction.

Based on the foregoing, defendant Martin Rivera-Tavira's "Motion Pursuant to 18 U.S.C. § 3582(c)(2) Amendments 821 and USSG 1B1.10 Fed. Reg.60534-02" (doc. no. 195) is **DISMISSED**.

IT IS SO ORDERED this 5th day of June, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0067p034 (Rivera-Tavira).docx